**In re Smitty MOORE, Debtor.**

**Bankruptcy No. 89–02753–NT.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

March 21, 1990.

---

Robert B. Hill, Hill & Rainey, Petersburg, Va., for Landmark Financial Services.

Tom C. Smith, Virginia Beach, Va., for debtor.

David R. Levin, Portsmouth, Va., trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

In this chapter 13 case, the debtor's plan proposes to treat the deed of trust claim of Landmark Financial Services as partially unsecured pursuant to 11 U.S.C. § 506. Landmark objects to confirmation of the debtor's plan because the plan fails to treat its claim as fully secured in contravention of 11 U.S.C. § 1322(b)(2).

The facts are not in dispute. Landmark holds a junior deed of trust against the debtor's principal residence; this claim is undersecured pursuant to § 506 because the value of the debtor's residence, if realized in foreclosure, is not sufficient to fully pay Landmark's deed of trust claim in its order of priority.

By agreement the parties submitted the issue to the court by memoranda of law. Landmark makes two arguments in opposition to confirmation:

(1) The plan cannot void Landmark's lien unless the debtor objects to the claim pursuant to 11 U.S.C. § 502, and the court disallows the lien.

(2) The attempted avoidance of the undersecured portion of Landmark's claim under 11 U.S.C. § 506 is a modification of the claimant's rights which is not permissible under 11 U.S.C. § 1322(b)(2).

Thus this is another case pitting the seemingly irreconcilable provisions of §§ 506 and 1322(b)(2) of the Bankruptcy Code. This court has previously held against the position urged by Landmark on both issues set out above. *In re Gadson*, 114 B.R. 453, opinion entered February 8, 1990.

Since this court's opinion was entered in *Gadson*, another court of appeals has followed *Hougland v. Lomas & Nettleton Co. (In re Hougland)*, 886 F.2d 1182 (9th Cir. 1989) and ruled in favor of the chapter 13 debtor's right to "cram down" the deed of trust holder under § 506. *See Wilson v. Commonwealth Mortgage Corp.*, 895 F.2d 123 (3rd Cir.1990).

Since it is uncontested that Landmark's claim is partially unsecured under § 506, the court finds that the debtor's plan treatment of that part of Landmark's claim as unsecured is proper. The court's conclusion is based upon the analysis of the issues set out in the *Gadson* opinion. Therefore, the objections by Landmark to confirmation of the debtor's chapter 13 plan are overruled.

The chapter 13 trustee is directed to submit an order of confirmation.