**In the Matter of Michael KACZMARC-ZYK and Myrna Kaczmarczyk, Debtors.**

**Bankruptcy No. BK88–40861.**

United States Bankruptcy Court, D. Nebraska.

June 20, 1989.

Supplemental Memorandum
Sept. 28, 1989.

Ward E. Hoppe, Atty.

Stephen Bartling, Atty.

Kathleen Laughlin, Trustee.

## MEMORANDUM OPINION

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THIS MATTER comes before the court upon consideration of the Objection to Confirmation of Chapter 13 Plan (Fil. # 8) filed by Cornhusker State Bank ("Bank"), and the Resistance thereto (Fil. # 9) filed by the debtors. This case involves the statutory conflict between 11 U.S.C. § 506 and § 1322(b)(2).

## FACTS

Debtors' residence, which is valued at $30,000.00, secures a total of $39,000.00 in debt. Of this debt, $28,000.00 is owed to the holder of a first mortgage and $11,-000.00 is owed to the holder of a trust deed which is junior to the first mortgage. If one deducts the $28,000.00 balance due on the first mortgage from the $30,000.00 value of the residence, it is clear that there is only $2,000.00 in value to secure the trust deed. The Chapter 13 plan does not modify the rights of the holder of the first mortgage, which will be paid $28,000.00 pursuant to the terms of the mortgage and mortgage note. Under the Chapter 13 plan the Bank which holds the trust deed is treated as having a $2,000.00 secured claim and $9,000.00 unsecured claim. The plan's treatment of the Bank's claim is consistent with § 506, which provides:

> An allowed claim ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

The Bank objects to confirmation on the ground that the Chapter 13 plan violates § 1322(b)(2), which provides that a Chapter 13 plan may:

> modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence.* (emphasis supplied.)

The Bank's entire $11,000.00 claim is secured under state law by a valid trust deed on debtor's principal residence. The Bank asserts that under § 1322(b)(2) its rights may not be modified and that it is entitled to be paid $11,000.00 pursuant to the terms of its note and trust deed.

## DISCUSSION

Decisional law is divided on the question of whether § 1322(b)(2) is limited by § 506. Some courts have found that § 1322(b)(2) applies only to claims which are secured by debtor's principal residence as determined under § 506. *See In re Harris,* 94 B.R. 832 (D.N.J.1989); *In re Hougland,* 93 B.R. 718 (D.Or.1988); *In re Kehm,* 90 B.R. 117 (Bkrtcy.E.D.Pa.1988); *In re Simmons,* 78 B.R. 300 (Bkrtcy.D.Kan.1987); *In re Caster,* 77 B.R. 8 (Bkrtcy.E.D.Pa.1987); *In re Spadel,* 28 B.R. 537 (Bkrtcy.E.D.Pa.1983); *In re Neal,* 10 B.R. 535 (Bkrtcy.S.D.Ohio 1981). These courts rely upon the legislative history of § 1322(b)(2), the "plain meaning" of § 1322(b)(2), or various principles of statutory construction.

First, some courts reason that the legislative history of § 1322(b)(2) reveals that this section's protection applies only to claims fully secured under § 506(a). These courts focus on the language in the Senate's version of § 1322(b)(2) which provided that § 1322(b)(2) applied to claims "wholly" secured by a mortgage on a debtor's residence. *See In re Harris,* 94 B.R. 836; *In re Simmons,* 78 B.R. at 301–02; *In re Neal,* 10 B.R. at 539.

Second, some courts reach their decision by focusing on the "plain meaning" of § 1322(b)(2). Emphasizing the first phrase of § 1322(b)(2), these courts conclude that the word "claim" as used in the § 1322(b)(2) exception for *"claim* secured only by a security interest in real property that is the debtor's principal residence" refers only to "claims" that are "secured claims." Thus, only fully secured claims are afforded § 1322(b)(2) protection. *See In re Harris,* 94 B.R. at 835–36; *In re Hougland,* 93 B.R. at 722; *In re Kehm,* 90 B.R. at 120; *In re Simmons,* 78 B.R. at 301.

Third, some of the court's reading § 506(a) as limiting § 1322(b)(2) find that principles of statutory construction require § 1322(b)(2) to be read consistently with § 506(a). These courts construe these sections consistently by finding that § 1322(b)(2) should protect only those security interests which actually exist under § 506(a), rather than claims unsupported by collateral value. *See In re Hougland,* 93 B.R. at 722; *In re Kehm,* 90 B.R. at 120; *In re Caster,* 77 B.R. at 13.

However, many courts have held that the protection afforded by § 1322(b)(2) applies to claims unsecured under § 506(a), but which are secured under state law by a mortgage on a debtor's residence. *See In re Russell,* 93 B.R. 703 (D.N.D.1988); *In re Brown,* 91 B.R. 19 (Bkrtcy.E.D.Va.1988); *In re Hemsing,* 75 B.R. 689 (Bkrtcy.D. Mont.1987); *In re Hynson,* 66 B.R. 246 (Bkrtcy.D.N.J.1986). These courts also focus on legislative history, the "plain meaning" of § 1322(b)(2), and principles of statutory construction.

First, some courts conclude that the legislative history of § 1322(b)(2) indicates that the application of § 506 to claims secured solely by a debtor's residence would be inconsistent with Congressional intent. These courts reason that § 1322(b)(2) represents a compromise between the House and Senate bills. This compromise prohibits a Chapter 13 plan from modifying claims secured by a debtor's residence, but it does not specifically limit itself to a secured claim. *See In re Hemsing,* 75 B.R. at 692; *In re Hynson,* 66 B.R. at 252.

Second, some courts rely on the "plain meaning" of § 1322(b)(2). These courts state that § 1322(b)(2) prohibits modification of a "claim" secured solely by a debtor's residence, and "claim" as defined in § 101(4) includes secured and unsecured claims. *See In re Russell,* 93 B.R. at 705; *In re Hynson,* 66 B.R. at 252.

Third, many of the courts applying § 1322(b)(2) protection to undersecured claims rely on principles of statutory construction. These courts state that one principle of statutory construction provides that where two statutes in the same enactment conflict, the general language of one section does not apply or prevail over matters specifically addressed in another section. Accordingly, the general language of § 506 does not prevail over the specific language of § 1322(b)(2). *See In re Russell,* 93 B.R. at 705; *In re Hemsing,* 75 B.R. at 691–92; *In re Hynson,* 66 B.R. at 249–50.

■ I conclude that § 1322(b)(2) should be construed to prohibit modification of the rights of holders of undersecured claims secured only by debtor's principal residence. This construction follows not only from the reasoning of those court's holding similarly, but also from a consideration of the Bankruptcy Code's treatment of secured claims in historical context.

Under the Bankruptcy Act, the predecessor of the current Bankruptcy Code, a Chapter XIII plan could not deal with claims secured by real property. Although the Chapter XIII plan could deal with secured claims, the statutory definition of the term "claim" expressly excluded "claims

secured by estates in real property or chattels real." *See* Bankruptcy Act §§ 1006(2), 1046(1); 10 *Colliers on Bankruptcy,* ¶ 22.02, 28.03 (14th ed. 1978). Furthermore, Chapter XIII did not provide a debtor with a viable opportunity to "deal with" claims secured by personal property unless the secured creditor consented. Under the Bankruptcy Act, a Chapter XIII plan could not be confirmed unless every secured creditor "dealt with" by the plan consented to confirmation. *See* Bankruptcy Act §§ 1051, 1052; 10 *Colliers on Bankruptcy,* ¶ 29.01, 29.02 (14th ed. 1978). Chapter XIII was thus of limited utility respecting secured claims.

Judicial attempts to circumvent the rigid rules regarding the treatment of secured claims in Chapter XIII often failed. *See Worley v. Budget Credit, Inc.,* C.C.H. Bankr.L.Rep. ¶ 64,285 (6th Cir.1971), *cert. denied,* 406 U.S. 907, 92 S.Ct. 1613, 31 L.Ed.2d 817 (1972) (trial court's approval of plan's bifurcation of secured claim into secured and unsecured portions was not successful on appeal).

The Bankruptcy Code was enacted against this background. Under the Code, Chapter 13 plans may "modify the rights of secured claims" under § 1322(b)(2). Existing defaults on long term debts may be cured, the contractual amortization schedule reinstated and payments maintained during the life of the plan. However, like its predecessor, Chapter 13 maintains a distinction between claims secured by certain real property and claims secured by other collateral. Under Chapter XIII, a claim secured by real property could not be dealt with under the plan. I conclude that this basic rule has continued except as explicitly changed by the Bankruptcy Code. The Code provides that the rights of the holders of secured claims may be modified "other than a claim secured only by a security interest in real property that is the debtor's principal residence." *See* § 1322(b)(2). The Code also provides that such claims are subject to the cure provisions of § 1322(b)(5).

I conclude that § 1322(b)(2) continued the prohibition on modifying the rights of holders of claims secured by real estate, but only with respect to real estate that constitutes the debtor's principal residence. If Congress had intended to change the manner in which a claim secured by a debtor's residence would be treated under the Code it would have specifically limited § 1322(b)(2) to claims secured pursuant to § 506. However, as Congress did not explicitly change the treatment of claims secured by a mortgage on a debtor's residence, I conclude that a continuity of treatment of such claims was intended.

Section 1322(b)(2) prohibits modification of the rights of the holder of an undersecured mortgage claim on the debtor's principal residence. Such creditor's rights cannot be modified except to the extent provided for in § 1322(b)(5). Thus, a Chapter 13 plan must pay in full the holder of a claim secured only by a security interest in debtor's principal residence according to the mortgage terms even though the claim is not a fully secured claim under § 506(a).

The Bank has an $11,000.00 claim that is secured, to the extent of $2,000.00, by a security interest in debtors' principal residence. The Bank is therefore entitled to the protection afforded by § 1322(b)(2) and its rights may not be modified. Therefore, the plan must provide to pay the Bank's $11,000.00 claim in full in accordance with the terms of the trust deed and related promissory note. As the debtors' plan violates § 1322(b)(2) by impermissibly treating the Bank's claim as partially unsecured under § 506(a), I conclude that the Bank's objection to confirmation should be sustained. I further conclude, however, that debtors should be given an opportunity to amend their plan consistent with this opinion.

I leave undecided the question of whether § 1322(b)(2) applies to the holder of a junior mortgage or trust deed when the holder's claim is not secured to any extent under § 506(a).

A separate order will be entered consistent herewith.

### SUPPLEMENTAL MEMORANDUM

This memorandum supplements my memorandum opinion of June 20, 1989.

■ This case is before the court again for consideration of whether § 1322(b)(2) applies to protect the holder of a junior mortgage or trust deed in debtors' residence when the holder's claim is not secured to any extent under § 506(a). Alternatively stated, if the value of a residence is less than the debt secured by a senior lien or encumbrance on the residence, must the debtor pay the holder of the second mortgage in full pursuant to my previous interpretation of § 1322(b)(2)?

As a matter of statutory construction, I conclude that § 1322(b)(2) does not apply unless the creditor invoking § 1322(b)(2) can establish that it has a secured claim in the residence pursuant to § 506. Absent the existence of such a secured claim, § 1322(b)(2) does not apply. Thus, a creditor whose claim is secured under state law only by an interest in debtor's primary residence is entitled to be paid in full without modification of its rights provided that, under § 506, the creditor has a claim secured by the residence. Such a creditor is entitled to be paid in full on its § 506 secured claim and its § 506 unsecured claim.