**In re Arthur GADSON, Rosalyn Laverne Gadson, Debtors.**

**Bankruptcy No. 89–00765–NT.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Feb. 7, 1990.

Dean W. Sword, Jr., Portsmouth, Va., for debtors.

Bruce G. Murphy, P.C., Virginia Beach, Va., pro se.

Frank J. Santoro, Portsmouth, Va., trustee.

MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

The Court has considered the motion of Frank J. Santoro, Standing Chapter 13 Trustee, to determine whether the debtors' chapter 13 plan, which has been confirmed, complies with provisions of 11 U.S.C. § 1322(b)(5).

For the reasons stated in this opinion, the Court finds that the plan is in compliance with § 1322(b)(5). The Court will enter an amended order of confirmation with specific reference to the disputed provision of the plan.

Two issues are presented:

(1) Whether the debtors' chapter 13 plan has properly treated Bruce G. Murphy, P.C., as an unsecured creditor notwithstanding this creditor holds a junior deed of trust against the debtors' residence.

(2) Assuming the plan may treat Bruce G. Murphy, P.C., as unsecured, whether the debtors were required to file an objection to this creditor's proof of claim in order to obtain the result provided by the plan.

*History of Case*

This case has an unusual history.

The debtors filed a chapter 13 petition on March 2, 1989, and subsequently filed their plan. Under the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia, once a debtor complies with a series of confirmation requirements a chapter 13 plan will be confirmed unless an objection is filed by a party in interest. *See* Local Rule 313(E).

On April 2, 1989, Bruce G. Murphy, P.C. ("Murphy"), an attorney, filed an objection to confirmation of the debtors' chapter 13 plan on the following basis:

BRUCE G. MURPHY, P.C. objects to the confirmation of the Plan on the grounds that the Plan has not been proposed in good faith and on such other grounds as may appear before or during trial.

A hearing on the Murphy objection to confirmation was scheduled before the Court on May 11, 1989. On May 8, 1989, three days before the hearing, Murphy filed a motion requesting the Court to continue the hearing because of his commitment to appear in another case at the same time. When the matter was called for hearing on the objection to confirmation on May 11, 1989, Murphy did not appear, and the Court denied both the motion for continuance and Murphy's objection to confirmation; consequently the Court approved the debtors' chapter 13 plan.

On May 17, 1989, Murphy filed a motion effectively requesting the Court to reconsider its approval of the debtors' plan. At hearing on this motion, Murphy raised a new objection to confirmation based upon the plan's treatment of his deed of trust claim as unsecured.

The Court took the motion for reconsideration under advisement and wrote an opinion which was entered on the docket September 7, 1989. In summary, while Murphy's motion to reconsider the ruling of May 11 was not granted, the Court's opinion did recognize that issues had been raised which should be addressed at the early stages of the case. The chapter 13 trustee thereupon filed the motion presently under consideration in order to bring these issues before the Court for determination. However, since the Court did not overturn the confirmation ruling of May 11, an order confirming the debtors' chapter 13 plan was entered on October 3, 1989.

*Position Of Parties*

Murphy timely filed a secured claim in this case based upon his note secured by a junior deed of trust against the debtors' residential real property in the amount of $13,289.41.

The debtors' position as reflected by their chapter 13 plan is that because of the limited value of their real property and because of other liens against the property superior to Murphy's deed of trust, the Murphy debt should be considered unsecured; this follows, they assert, since under § 506 a claim is secured only to the extent of the value of underlying collateral security. The debtors have not objected to Murphy's proof of claim and rely solely

upon their plan to accomplish this modification of Murphy's claim.

Murphy has offered no evidence or argument contesting the factual premise of debtors' plan to the effect that the value of their residence is not adequate to cover his deed of trust. The substance of Murphy's objection to the plan is that it treats him as an "unsecured creditor pursuant to 11 U.S.C. 506(d)", notwithstanding his deed of trust claim against the debtors' principal residence. Murphy relies upon 11 U.S.C. § 1322(b)(2) which provides that a chapter 13 plan may not modify the rights of a holder of a claim secured only by a security interest in realty that is the debtors' principal residence.

Additionally, Murphy argues that confirmation of the plan does not have a binding or res judicata effect on his claim. On this it is his position that the claim stands as filed, i.e., secured, unless an objection is filed to the claim and the claim is disallowed as a secured claim.

### Discussion And Conclusions

(1) Modification of deed of trust claim.

██ It is generally recognized, as asserted by the debtors, that under 11 U.S.C. § 506 a claim is secured only to the extent that the underlying collateral has sufficient value to cover the lien in its order of priority. 3 King, *Collier On Bankruptcy,* ¶ 506.04. It is uncontested here that considering § 506 alone Murphy's claim is unsecured.

Yet, as Murphy correctly argues, 11 U.S.C. § 1322(b)(2) states that a chapter 13 plan may not modify rights of holders of claims secured only by the chapter 13 debtor's principal residence.

Thus, a chapter 13 plan which attempts to invoke § 506 to eliminate or reduce ("cramdown") the amount of a lien against a debtor's principal residence brings § 506 into direct conflict with § 1322(b)(2). Case authority on the issue is divided.

The following decisions, which now appear to represent the majority view, allowed chapter 13 plans to limit deeds of trust, mortgages, or other liens against the debtors' principal residences upon the authority of § 506: *Houghland v. Lomas & Nettleton Co. (In re Houghland),* 886 F.2d 1182 (9th Cir.1989); *In re Harris,* 94 B.R. 832 (D.N.J.1989); *In re Ross,* 107 B.R. 759 (Bankr.W.D.Okla.1989); *Kessler v. Homestead Savings (In re Kessler),* 99 B.R. 635 (Bankr.E.D.Pa.1989); *Cameron Brown Co. v. Bruce (In re Bruce),* 40 B.R. 884 (Bankr. W.D.Va.1984); *In re Morphis,* 30 B.R. 589 (Bankr.N.D.Ala.1983); *see also* 3 King, *Collier On Bankruptcy,* ¶ 506.07, pp. 506–75–76.

An even more restrictive view of § 1322(b)(2) was applied in *In re Shaffer,* 84 B.R. 63 (Bankr. W.D.Va.1988), *aff'd,* *Capitol Credit Plan of Tenn. v. Shaffer,* Civil No. 88–0108A and Civil No. 88–0134A (W.D.Va. July 6, 1988), *argued,* Civil No. 89–2726 (4th Cir. Oct. 6, 1989). In *Shaffer,* Bankruptcy Judge H. Clyde Pearson approved a chapter 13 plan which modified the rights of a holder of a second deed of trust against the debtor's principal residence. Judge Pearson ruled that § 1322(b)(2) does not apply to short term real estate loans "notwithstanding the fact that the value of the real estate may be high enough to make the debt fully secured." *Shaffer,* 84 B.R. at 67. However, as noted, this ruling is pending appeal in the Fourth Circuit.[1]

The following cases adhere to the view that § 1322(b)(2) predominates over § 506 to preclude the limiting or modification of any claim secured only by a debtor's principal residence: *Roberts v. Skiba (In re Roberts),* 99 B.R. 653 (Bankr.W.D.Pa.1989); *In re Russell,* 93 B.R. 703 (D.N.D.1988); *In re Hynson,* 66 B.R. 246 (Bankr.D.N.J.1986); *In re Hobaica,* 65 B.R. 693 (Bankr.N.D.N.Y.1986); *In re Simpkins,* 16 B.R. 956 (Bankr.E.D.Tenn.1982). It should be noted that subsequent to the frequently cited *Hynson* decision by the Bankruptcy Court

---

1. The subsequent history of *Shaffer,* which does not presently appear in publication, was obtained from the bankruptcy case file in the Western District of Virginia. While affirming Judge Pearson's ruling on the effect of § 1322(b)(2), the district court did order remand for other considerations.

in New Jersey, the U.S. District Court in New Jersey has ruled in favor of allowing modification. *In re Harris*, 94 B.R. at 832.

Justification for the two divergent views of this issue has been presented at length in the cited decisions. As pointed out by the District Judge Rodriguez in *In re Harris*, both positions claim support from the legislative history and Congressional intent of the Bankruptcy Code. *In re Harris*, 94 B.R. at 835–837. Those courts which have held § 1322(b)(2) in the ascendency have also relied upon the tenet of statutory construction that a specific statutory provision (§ 1322(b)(2)) prevails over a general provision (§ 506).

The truth of the matter is that this is another instance of Bankruptcy Code ambiguity with which courts must struggle to produce a result in conformity with overall goals of the Code without doing violence to individual Code sections.

■ In this Court's opinion, which is supported by the majority view, where § 1322(b)(2) refers to claims "secured" by the debtor's residence, the determination of secured is to be made in view of § 506. Consequently, it follows that § 1322(b)(2) does not preclude a chapter 13 plan from modifying that portion of the claim which § 506 treats as unsecured. I do not believe, however, that § 1322(b)(2) can be interpreted to permit the blanket modification of short term real estate loans which are secured under § 506.

■ In a broader view of the problem, consideration ought to be given to the "fresh start" principal of the Bankruptcy Code and in particular the Congressional intent to encourage debtors to file for adjustment of debts under chapter 13 rather than liquidation under chapter 7. *See* H.R. Rep. No. 595, 95th Cong. 1st Sess. 117–118 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6077–6079. When considerations of statutory construction are basically equal, this Court cannot favor an interpretation of the Code which effectively gives the creditor a better result when the debtor files bankruptcy than the creditor would receive absent bankruptcy. Here, absent bankruptcy, Murphy would receive

nothing in foreclosure of the debtors' residence.

Consequently, the Court finds that the debtors' chapter 13 plan does comply with provisions of § 1322(b)(5) in modifying Murphy's claim.

(2) Status of Murphy's claim.

■ Relying upon *Simmons v. Savell (In re Simmons)*, 765 F.2d 547 (5th Cir. 1985), Murphy argues that since the debtors have never objected to his secured claim, the claim must stand as filed. It is his contention, aside from the § 506 issue, that confirmation of the plan has no effect on his claim because the debtors failed to object to the claim.

It was held in *Simmons* that under 11 U.S.C. § 1327(a) a confirmed chapter 13 plan had no res judicata effect on a secured claim. In *Simmons*, which did not involve an attempted cramdown as here, the secured claim of a creditor was simply treated as unsecured by the debtor's chapter 13 plan. The Court of Appeals determined that confirmation of the plan had no effect on the creditor's secured claim because there had been no preconfirmation objection to the claim or bankruptcy court determination disallowing the claim; the claim thus effectively "rode through" the chapter 13 case and emerged intact. *See Simmons*, 765 F.2d at 559.

Some of the broad language of the *Simmons* opinion is open to question. Certainly the view of the Fifth Circuit on the effect of confirmation has not been universally adopted. *See* 5 King, *Collier On Bankruptcy*, ¶ 1327.01, pp. 1327–8–9. In fact, a recent decision of the Court of Appeals for the Third Circuit rejects the *Simmons* approach. *See In re Szostek*, 886 F.2d 1405 (3rd Cir.1989).

In any event, this Court finds *Simmons* distinguishable from the present case. Although the debtors have not formally objected to Murphy's claim, the issues raised here were addressed in two hearings before this Court prior to confirmation. Murphy has had more than his day in court.

Accordingly, based upon the Court's ruling on the first issue, it is held that Murphy's claim is subject to and bound by provisions of the confirmed chapter 13 plan.

The chapter 13 trustee is requested to submit for entry a modified order of confirmation with specific reference to the plan's treatment of Murphy's claim.