**In re Gregory L. McNAIR, Sr., Julie B. McNair, Debtors.**

**Gregory L. McNAIR, Sr., Julie B. McNair, Movants,**

**v.**

**CHRYSLER FIRST FINANCIAL SERVICES CORP. OF VIRGINIA, Respondent.**

**Bankruptcy Nos. 90–20058–B, CMN: 90–392–B.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

June 6, 1990.

Diane B. Fenton, Virginia Beach, Va., for debtors/movants.

Albert C. Selkin, White and Selkin, Norfolk, Va., for respondent.

Frank J. Santoro, Portsmouth, Va., Chapter 13 Trustee.

Debera F. Conlon, Norfolk, Va., Asst. U.S. Trustee.

## OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

There is a basic principle of bankruptcy law which some have had difficulty accepting:

A claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

Indeed, the principle was even enunciated under the Bankruptcy Act, § 57h, and has been set forth in the Bankruptcy Rules, 306(d), since 1973. Yet there are those who view a lien at face value, something sacred that endures whatever. It is an unenlightened premise and one grounded in an exaggerated view of wealth.

11 U.S.C. § 506(a) is the current citation for the law. It is clear, but is hated as were its predecessors. The hope is that the lien can lie dormant for years until other liens are reduced or paid-off and the owner's equity increases. This defeats the purpose of bankruptcy, the effectiveness of it at the moment of filing and at discharge.

This particular matter comes before the Court on a motion for lien avoidance and determination of secured status brought by Gregory L. McNair, Sr. and Julie B. McNair (hereinafter debtors) against Chrysler First Financial Services Corp. of VA (hereinafter Chrysler) and Chrysler's related objection to confirmation of the debtors' Chapter 13 plan. The issue is a recurring one which has received much attention in the courts over the past several years. Quite simply, how is a determination of secured status under 11 U.S.C. § 506(a) affected by the rights of the holder of a security interest in the debtor's principal residence, as stated in § 1322(b)(2)?

**11 U.S.C. § 1322.  Contents of plan**

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims; . . . .

### FINDINGS OF FACT

The facts in this case are undisputed. On December 12, 1987, the debtors purchased vinyl replacement windows from Sun Building Corporation. The purchase was financed by a personal note secured by a *3rd* deed of trust on the debtors' principal residence. Sun assigned the note and deed of trust to Chrysler First Financial Services Corporation, the creditor.

The debtors filed a voluntary petition under Chapter 13 on January 5, 1990, and their plan provides for the treatment of the

2nd and 3rd deeds of trust on their principal residence as unsecured claims based on the fact that the value of the residence is insufficient to secure them. The debtors owe $73,691.00 on their first mortgage note. The indebtedness on the 2nd is $2,437.56 and on the 3rd is $5,299.57. The appraisals submitted to the Court are $53,500.00 from the Court appraiser and $62,200.00 from the creditor. The assessed value for taxes is $56,380.00. The Court finds that the assessed valuation of $56,380.00 most accurately reflects the actual market value of the debtors' residence.

It is clear that the claims secured by the 2nd or 3rd deeds of trust are unsecured. The debtors claim that under § 506(a) these claims are modified from a secured to an unsecured status. Chrysler argues that § 1322(b)(2) prevents the debtors from modifying its claim and treating it as unsecured, since this is the debtors' principal residence.

## ANALYSIS OF THE LAW

The leading treatise on bankruptcy provides that

"... an undersecured claim secured only by a security interest in the debtor's principal residence may still be divided into an allowed secured claim and an allowed unsecured claim, with the lien declared void to the extent it secures a claim in excess of the allowed secured claim."

5 *Collier on Bankruptcy*, ¶ 1322.06, p. 1322–15 (15th Ed.1989). Collier's interpretation of § 1322(b)(2) is clearly supported by the two Circuit Courts of Appeal which have addressed this issue. The 9th Circuit, in examining the effect of § 1322(b)(2) on the "portion of the debt that § 506(a) classifies as unsecured," ruled that once the

claim, or a portion of the claim, is classified as unsecured pursuant to § 506(a) the debtor's plan is able to modify the unsecured portion. *In re Hougland*, 886 F.2d 1182, 1183 (9th Cir.1989). The 3rd Circuit, pointing out that the rights of holders of *secured claims* (secured only by an interest in the debtor's home) could be modified in the absence of the exclusionary language of § 1322(b)(2), likewise held that § 1322(b)(2) does not preclude modification of the *unsecured* portion of an undersecured mortgage debt. *Wilson v. Commonwealth Mortgage Corporation*, 895 F.2d 123, 128 (3rd Cir.1990) *emphasis added.*

A District Court in New Jersey examined the legislative intent behind the statute to reach its conclusion. Noting that the House [1] and Senate [2] versions differed and that the compromise changed the "wholly" in the Senate version to "only" in the final form [3], the court determined that it was clear that the intent of Congress was to protect home mortgage lenders if, their claims are "secured claims" as defined by § 506(a). *In re Harris*, 94 B.R. 832, 836 (D.N.J.1989). The *Harris* court was satisfied that it was keeping "intact the protection of claims that are secured by adequate unencumbered collateral while at the same time allowing the debtors the opportunity to rehabilitate their debt without the hinderance of liens that lack equity security in the property" when it held that the debtor may modify unsecured claims in Chapter 13 plans. *In re Harris, supra* at 836.

In considering the same issue, Judge Minahan of the bankruptcy court in Nebraska looked to the Bankruptcy Act to begin his analysis of the meaning of § 1322(b)(2). Citing the Bankruptcy Act, Chapter XIII, §§ 1006(2) & 1046(1), which provided that claims secured by real prop-

---

**1.** The House version provided that the plan may "modify the rights of holders of secured claims or holders of unsecured claims." *In re Neal,* 10 B.R. 535, 538 (Bankr.S.D.Ohio 1981) *quoting* H.R. 8200, 95th Cong., 1st Sess. § 1322(b)(2) (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

**2.** The Senate version provided that the plan may "modify the rights of holders of secured claims (other than claims *wholly* secured by mortgages

on real property) or of holders of unsecured claims ..." *In re Neal,* 10 B.R. 535, 539 (Bankr. S.D.Ohio 1981) *quoting* S.2266, 95th Cong., 2nd Sess. § 1322(b)(2) (1978).

**3.** The final form of § 1322(b)(2) provides that the plan may "modify the rights of holders of secured claims, other than a claim secured *only* by a security interest in real property that is the debtor's principal residence...." *emphasis added,* 11 U.S.C. § 1322(b)(2).

erty could not be dealt with under the plan, Judge Minahan concluded that this basic rule continues except as explicitly changed by the Bankruptcy Code. He found that § 1322(b)(2) continued the "prohibition on modifying the rights of holders of claims secured by real estate, but only with respect to real estate that constitutes the debtor's principal residence." In applying this interpretation he ruled that where a § 506(a) evaluation fails to establish any secured claim a creditor is not availed any of the protection against modification afforded by § 1322(b)(2). *Matter of Kaczmarczyk*, 107 B.R. 200, 203–204 (Bankr.D. Neb.1989); *see also In re Neal*, 10 B.R. 535 (Bankr.S.D.Ohio 1981). However, see *contra, In re Hynson*, 66 B.R. 246 (Bankr.D. N.J.1986); *In re Russell*, 93 B.R. 703 (D.Ct. N.D.1988); *In re Catlin*, 81 B.R. 522 (D.Minn.1987).

In the Fourth Circuit, a bankruptcy court in the Western District of Virginia, upon examining the legislative history of § 1322(b)(2), ruled that "it is hardly conceivable that Congress could have intended that Section 1322 protect subordinate fourth or fifth or sixth liens which in fact may totally lack equity security in the property." *In re Shaffer*, 84 B.R. 63, 64 (Bankr.W.D.Va.1988).

Judge Tice of the Eastern District of Virginia, in a well reasoned opinion which you must read, held that § 506(a) is binding on the creditor when the value of the residence is insufficient to fully secure the creditor's claim. *In re Gadson*, 114 B.R. 453 (E.D.Va.1990). Judge Tice pointed to the broader view that consideration ought to be given to the "fresh start" principle of the Bankruptcy Code and, in particular, to the Congressional intent to encourage debtors to file for adjustment of debts under Chapter 13 rather than liquidation under Chapter 7. *In re Gadson, supra* at 456–457, *citing* H.R.Rep. No. 595, 95th Cong. 1st Sess. 117–118 (1977), U.S.Code Cong. & Admin.News 1978, p. 6078. In *In re Smitty Moore*, Judge Tice re-examined this issue, re-affirmed the reasoning of *In re Gadson* and *In re Hougland* and noted further support for the decision in the recent 3rd Circuit opinion in *Wilson, supra.*

*In re Smitty Moore,* 113 B.R. 239 (Bankr. E.D.Va.1990).

## CONCLUSION

This Court is of the opinion that the Circuit rulings in *In re Hougland* and *Wilson v. Commonwealth Mortgage Corporation* are good law and controlling as to the issues before this Court. The Court also concurs with the opinions of *In re Gadson* and *In re Smitty Moore.* Clearly, based on the application of 11 U.S.C. § 506(a), Chrysler has only an unsecured claim. It is of no consequence that Chrysler's lien is consensual. Nor does it matter that the lien is a third deed of trust on the debtor's principal residence. There is no value in the property to secure it. One is only secured to the extent of the value of one's collateral.

The claim of Chrysler First Financial Services Corp. of VA is unsecured; its 3rd deed of trust lien is void in accordance with § 506(a) & (d) and shall be removed from the record. The Objection to Confirmation filed by Chrysler is overruled and the Chapter 13 plan of the debtor is confirmed.

IT IS SO ORDERED.