**In re Frank R. CHRISTIANSEN and Jackie R. Christiansen, Debtors.**

**Bankruptcy No. 90–10647 RJB.**

United States Bankruptcy Court, D. Colorado.

Nov. 6, 1990.

Harold J. Baer, Jr., Denver, Colo., for debtors.

Virginia Moses Dalton, Denver, Colo., for FDIC.

Deborah F. Bowinski, Denver, Colo., for Standing Chapter 13 Trustee.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Debtors' Motion to Confirm their Chapter 13 Plan and the objections thereto filed by the Standing Chapter 13 Trustee and the Federal Deposit Insurance Corporation as Liquidator of Dominion National Bank ("FDIC").

The Debtors in their Plan propose that the Court determine that the fair market value of their residence in $150,000.00 and, under 11 U.S.C. § 506, declare that any liens or mortgages on the residence in excess of that amount are "unsecured." Of course this unsecured portion would then be treated as such in the Plan and share pro rata with the other unsecured creditors a total sum $500.00.

The objectors argue that (1) if the value of the residence is only $150,000.00, then, according to the Debtors' schedules, there would be $44,819.00 "unsecured" debt on the residence, which, when added to the other unsecured debt in the case, would give the Debtors a total of $139,723.02 unsecured debt. This would mean that the Debtors would not qualify to be in Chapter 13 under 11 U.S.C. § 109(e).

In the alternative the objectors argue that the Debtors cannot use § 506 to reclassify the liens on the residence into secured and unsecured portions by operation of 11 U.S.C. § 1322(b)(2).

This Court is not unmindful of Judge Brooks' decision in this district in *In re Brouse*, 110 B.R. 539 (Bankr.Colo.1990), and of other cases that hold that in Chapter 13 a debtor may use § 506 to do exactly

what the Debtors attempt in this case. *See also, e.g., In re Hougland*, 886 F.2d 1182 (9th Cir.1989) and *In re Wilson*, 895 F.2d 123 (3rd Cir.1990). However, this Court disagrees with the interpretations in those cases. Instead, this Court adopts that reasoning in *In re Sauber*, 115 B.R. 197 (Bankr.Minn.1990). Judge O'Brien's call for a "straight forward, common-sense reading" of the code in the *Sauber* case is required unless there is some ambiguity in the statute.

The Bankruptcy Code on this issue is not ambiguous or complicated. Section 506 is a section generally applicable to all Debtors, whether they be in Chapter 7, 11, 12, or 13. That section allows a reclassification of a claim having property as security into a "secured" and "unsecured" portion which, generally, allows a debtor to then deal with these "portions" differently. However, § 1322(b)(2) is an exception to that general code provision which prohibits the modification of the rights of holders of secured claims which are secured only by the real property that is the debtor's residence. One of the "rights" is the right of a secured creditor to attempt to "... use an appreciation in land values to offset their losses ..." at some future time. *See, In re Dewsnup*, 908 F.2d 588 (10th Cir.1990).[1] Finally, we come to § 1322(b)(5), which is an exception to the exception in § 1322(b)(2). This section says that notwithstanding the prohibition on modification of the rights of a specific kind of secured creditor in § 1322(b)(2), the debtor, nevertheless, can alter those rights, but only to the extent that it is necessary to cure a default.

Because the Debtors cannot use § 506 to "cram down" the secured debt on their residence, the argument that the Debtors do not qualify to be in Chapter 13 under § 109(e) is moot. It is, therefore,

ORDERED that the Debtors' Motion to Confirm their Chapter 13 Plan is denied because it violates 11 U.S.C. § 1322(b)(2).

---

**1.** The *Dewsnup* case involved a Chapter 7 and the application of § 506. However, in that case the Court gave a strong indication that it is a

secured creditors' "right" to speculate on a possible future appreciation of their collateral and that this "right" should be maintained.

FURTHER ORDERED that the Debtors shall have ten (10) days within which to (1) file an amended Chapter 13 Plan, Amended Motion to Confirm, and Amended Plan Analysis, along with a Notice under Local Rule 23; or (2) convert the case to Chapter 7; or (3) dismiss the case; failing which the case will be dismissed without further notice or hearing.