**In re Jeffrey F. HUSSMAN and Kimberly K. Hussman, Debtors.**

**Bankruptcy No. 4-91-4659.**

United States Bankruptcy Court, D. Minnesota.

Nov. 5, 1991.

Stephen P. Thies, Chanhassen, Minn., for debtors.

Chris H. Berndt, Warchol, Berndt, Hajek, Minneapolis, Minn., for Sec. Pacific Financial Services, Inc.

## ORDER DENYING CONFIRMATION OF PLAN

ROBERT J. KRESSEL, Chief Judge.

This case came on for hearing to consider confirmation of the debtors' Chapter 13 plan and the objection of Security Pacific Financial Services, Inc. Stephen P. Thies appeared on behalf of the debtors, Chris H. Berndt appeared on behalf of Security Pacific, and Stephen J. Creasey appeared on behalf of the trustee. This court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 201. This is a core proceeding under § 157(b)(2)(L). Based on the memoranda, arguments of counsel and the file in this case, I make the following memorandum order.

## FACTUAL BACKGROUND

The debtors filed this Chapter 13 case on July 10, 1991. The debtors' schedules indicate that their homestead secures two separate loans. Midland Mortgage Company holds the first mortgage with an amount of $85,988.00 due on the note. Security Pacific Financial Services, Inc., holds a second mortgage with $6,303.00 due on its note. The debtors' schedules indicate the value their homestead is $84,000.00. The debtors assert that pursuant to § 506(a) and § 1322(b)(2) they may treat Security Pacific's claim as an unsecured claim. The debt-

ors argue that § 506(a) allows them to determine that a creditor's secured claim is equal to the value of the homestead securing that claim, therefore, the remainder of the claim is unsecured and that under the plan they may modify the unsecured claim without violating § 1322(b)(2). Since the debtors value their homestead at only $84,000.00, which is less than the first mortgage, the debtors' plan proposes to treat the second mortgage, Security Pacific's entire claim, as a fifth class unsecured claim.

Security Pacific objects to confirmation of the debtors' plan on the basis that the plan does not comply with § 1322(b)(2). Security Pacific argues that under § 1322(b)(2) a debtor may not modify its rights.[1]

## DISCUSSION

The issue before the court is whether the debtors may use § 506(a) to modify the rights of holders of a claim secured only by a security interest in real property that is the debtors' homestead without violating § 1322(b)(2).

This issue has been discussed by many courts. Typically these courts address whether a debtor can bifurcate a claim secured by a security interest in the debtor's homestead into a secured claim and an unsecured claim and then modify the unsecured claim. In this case the debtors simply propose to treat Security Pacific's entire claim as an unsecured claim.

Many courts have held that using § 506(a) to determine the amount of the secured claim violates the § 1322(b)(2) prohibition of modification of claims secured by the debtor's residence. *Landmark Fin. Services v. Hall*, 918 F.2d 1150 (4th Cir. 1990); *In re Terry*, 780 F.2d 894 (11th Cir.1985); *Grubbs v. Houston First Am. Savings Ass'n*, 730 F.2d 236 (5th Cir.1984); *Nobelman v. American Savings Bank (In re Nobelman )*, 129 B.R. 98 (N.D.Tex.1991); *In re Russell*, 93 B.R. 703 (D.N.D.1988); *In re Etchin*, 128 B.R. 662 (Bankr.W.D.Wis.

---

1. Security Pacific also argues that its claim is in fact a secured claim based on their valuation of the debtors' homestead. The debtors rebut this assertion with different numbers as to the value of their homestead. Ultimately, the actual value of the debtors' homestead is irrelevant to the outcome of this matter.

1991); *In re Mitchell,* 125 B.R. 5 (Bankr. D.N.H.1991); *In re Christiansen,* 121 B.R. 63 (Bankr.D.Colo.1990); *In re Moran,* 121 B.R. 879 (Bankr.E.D.Okla.1990); *In re Chavez,* 117 B.R. 733 (Bankr.S.D.Fla.1990); *In re Sauber,* 115 B.R. 197 (Bankr.D.Minn. 1990); *In re Schum,* 112 B.R. 159 (Bankr. N.D.Tex.1990).

As is always the case, there are many courts which have reached the opposite result. These courts have held that § 506(a) applies to Chapter 13, therefore, § 1322(b)(2) protects only the secured portion of the claim. *Eastland Mortgage Co. v. Hart (In re Hart),* 923 F.2d 1410 (10th Cir.1991); *Wilson v. Commonwealth Mortgage Corp.,* 895 F.2d 123 (3d Cir.1990); *Hougland v. Lomas & Nettleton Co. (In re Hougland),* 886 F.2d 1182 (9th Cir.1989); *In re Harris,* 94 B.R. 832 (D.N.J.1989); *Loader v. Charlton Credit Union (In re Loader),* 128 B.R. 13 (Bankr.D.Mass.1991); *Bellamy v. Federal Home Loan Mortgage Corp. (In re Bellamy),* 122 B.R. 856 (Bankr.D.Conn.1991); *Goins v. Diamond Mortgage Corp.,* 119 B.R. 156 (Bankr. N.D.Ill.1990); *McNair v. Chrysler First Fin. Services Corp. (In re McNair),* 115 B.R. 520 (Bankr.E.D.Va.1990); *In re Gadson,* 114 B.R. 453 (Bankr.E.D.Va.1990); *In re Demoff,* 109 B.R. 902 (Bankr.N.D.Ind. 1989).

11 U.S.C. § 1322(b)(2) provides that a plan may:

> modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

11 U.S.C. § 1322(b)(2).

To determine the meaning of any statute, the primary focus must be on the " 'language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legisla-

tive purpose.' " *Justice v. Valley Nat'l Bank,* 849 F.2d 1078, 1084 (8th Cir.1988) quoting *Park N' Fly, Inc. v. Dollar Park & Fly Inc.,* 469 U.S. 189, 194, 105 S.Ct. 658, 661, 83 L.Ed.2d 582 (1985).

The first issue to resolve in this matter is whether Security Pacific is a holder of a claim secured only by a security interest real property that is the debtors' principal residence. The plain language of the statute dictates that if Security Pacific is such a holder, the debtor may not modify Security Pacific's rights except to the extent specified in § 1322(b)(5).[2]

In this case, the debtors concede that Security Pacific holds the second mortgage on their homestead. There is no evidence that there is any other property to secure the loan. Therefore, Security Pacific is a holder of a claim secured only by a security interest in real property that is the debtors' principal residence. The debtors may not modify the rights of a holder of this type of claim. *Landmark Fin. Services,* 918 F.2d at 1154. If the debtors' plan is confirmed as proposed, the plan will modify the rights of Security Pacific contrary to the requirements of § 1322(b)(2) and outside the realm of § 1322(b)(5).

The debtors, as well as other courts, have confused the issue of the *type of claim holder* with the analysis of a determination of a secured claim under § 506(a). Courts which have reached the opposite result look first to the result of applying § 506 to the claim and then look to § 1322 to allow the debtors to modify the unsecured portion of the claim. Determination of the secured claim under § 506(a) is irrelevant to § 1322(b)(2). Section 1322(b)(2) deals with modifying the rights of holders of certain claims. Section 1322(b)(2) protects creditors whose claims are secured by a security interest in real property that is the debtor's principal residence. This language does not limit the protection to a *secured* claim secured only by a security

---

**2.** Section 1322(b)(5) provides that a plan may: notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any

unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5).

interest in such real property. Debtors need only look to the *holder* of the claim to determine if they may modify that claim. Only the rights of holders of claims secured by an interest other than the debtors' principal residence and holders of unsecured claims may be modified. The holders of claims secured by an interest in real property which is the debtors' principal residence can be modified only to the extent that defaults may be cured within a reasonable time. 11 U.S.C. § 1322(b)(5).

In deciding this issue, some courts have focused on long-term verses short-term notes, *In re Shaffer*, 84 B.R. 63 (Bankr. W.D.Va.1988), or whether there was any equity left in the property to protect the second mortgagee. *In re Kaczmarczyk*, 107 B.R. 200 (Bankr.D.Neb.1989). It is my understanding that the purpose of § 1322(b)(2) is to protect secondary mortgage holders from a decrease in value of their collateral and to prevent debtors from using their plans to cram down on these holders. I do not believe the term of the note or the amount of equity in the property figure into the determination of the type of claim holder which is the critical determination for the issue at hand.

Section 1322(b)(2) is intended to limit the ability of a debtor to impair the rights of those who hold claims secured only by a security interest in the debtor's principal residence to the extent enumerated in § 1322(b)(5). *In re Sauber*, 115 B.R. at 199. Although the legislative history and Congressional intent can be read to support both positions on this issue, the Fifth Circuit Court of Appeals found:

> The final amendments to H.R. 8200 and S.B. 2266 (the latter being the Senate's amended version of the House bill) were accomplished by a series of agreed-upon floor amendments in both houses, by which differences between the two versions were reconciled and compromised. With regard to § 1322(b)(2), the Senate receded from its position that no "modification" was to be permitted of *any* mortgage secured by real estate; it instead agreed to a provision that modification was to be barred *only* as to a claim "secured only by a security inter-

est in real property *that is the debtor's principal residence."* This limited bar was apparently in response to perceptions, or to suggestions advanced in the legislative hearings, ... that, home-mortgagor lenders, performing a valuable social service through their loans, needed special protection against modification thereof (*i.e.* reducing installment payments, secured valuations, etc.).

*Grubbs*, 730 F.2d at 246. I find that Congress intended to limit debtors' ability to modify the rights of the holders of their home mortgages.

## CONCLUSION

The debtors' plan cannot be confirmed because it does not comply with 11 U.S.C. § 1322(b)(2).

THEREFORE, IT IS ORDERED:

Confirmation of the debtors' plan dated July 9, 1991, and filed on July 10, 1991, is denied.