**In re Bennie LEE, Debtor.**

**Bankruptcy No. 91–03661.**

United States Bankruptcy Court, E.D. Wisconsin.

Dec. 4, 1991.

Clifton G. Owens, Milwaukee, Wis., for debtor.

Jeffrey S. Schuster, Milwaukee, Wis., for Fidelity Financial.

Louis R. Jones, trustee.

## DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

For the first time in this district, the court is asked to decide whether chapter 13 debtors can bifurcate undersecured claims, secured only by a security interest in real property that is the debtor's principal residence, into secured and unsecured claims, and to "cram-down" such claims.

Fidelity Financial Services, Inc. (Fidelity), the sole creditor in this chapter 13 case, has a claim in the amount of $33,400 that is secured only by the debtor's principal place of residence.[1] After subtracting prior liens for unpaid real estate taxes, the value of the property applicable to Fidelity's claim is $15,000, so that Fidelity's claim is secured to the extent of $15,000. § 506(a) Bankruptcy Code.

The debtor's plan proposes that Fidelity be paid the sum of $15,000, together with interest, over a period of 42 months, and that Fidelity receive nothing on the balance of its claim. Real estate taxes are also to be paid through the plan. The chapter 13 trustee, apart from the caveat that he takes no position on the legal question of bifurcation and cramdown, believes that the plan, as proposed, is feasible and otherwise in conformance with the provisions and requirements of the Bankruptcy Code. Fidelity does not dispute this, but it strongly objects to the bifurcation and cramdown of its claim and, consequently, to confirmation of the plan.

At an evidentiary hearing, the bulk of the evidence consisted of appraisers' testimony regarding the condition and value of the property. The court found this value to be approximately $21,000 or $21,500, and since the unpaid and accrued taxes exceeded $6,500, the court found that the debtor's position (at the hearing and in his sched-

ules) that Fidelity was secured to the extent of $15,000 was not unreasonable.

The property is a duplex that is in need of much repair and rehabilitation. The debtor is single and lives downstairs. The upstairs is vacant and has not been rented since at least 1987, and it cannot, either legally or practically, be rented at this time. Most of the plaster on the walls and ceiling of the upper unit has fallen off due to past roof leakage, and there is not a working furnace for that unit. New carpeting and paint are badly needed, both upstairs and down. Two inches of mud or sludge on the basement floor, according to the debtor, is "due to bad plumbing and/or sewer back up."

Section 1322(b)(2) provides that the debtor may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence...." Section 506(a) provides that "An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim."

The question is whether the specific protection of § 1322(b)(2) afforded to home mortgagees is overridden by the general provision of § 506(a).[2] The recent article, "Residential Mortgage Bifurcation Under Chapter 13 of the Bankruptcy Code," 96 Com.L.J. 225 (Fall, 1991) provides a thoughtful and comprehensive discussion of the issue. "Until approximately 1989, the conventional wisdom was that almost any secured claims could be modified or crammed down [in chapter 13 cases] except for a security interest or mortgage covered by the exception to Section 1322(b)(2)." 96

---

1. The debtor filed an earlier chapter 13 case on March 12, 1990. The case was converted to a case under chapter 7 on September 6, 1990, and the case was closed in January 1991 following the issuance of a discharge on January 2, 1991. The $33,400 amount of Fidelity's claim is not in dispute.

2. In enacting the § 1322(b)(2) exception, Congress had intended to protect residential mortgage lending. *Grubbs v. Houston First American Savings Association*, 730 F.2d 236, 245 n. 13 (5th Cir.1984).

Com.L.J. 227. Since *In re Hougland,* 886 F.2d 1182 (9th Cir.1989), however, the courts have been split on this issue.

A great many cases on either side of the issue are listed in the aforementioned Commercial Law Journal article and in such recent decisions as *In re Etchin,* 128 B.R. 662 (Bankr.W.D.Wis.1991) and *In re Mitchell,* 125 B.R. 5 (Bankr.D.N.H.1991). A few months ago, in the Western District of this state, the Honorable Robert D. Martin clearly and persuasively stated the case against "stripping down" home mortgages in chapter 13 cases. This court believes that Judge Martin's decision is correct, in particular that it is the "rights of the holders" and not the "claims" alone that cannot be modified, 128 B.R. at 666, and further, that a statute of specific applicability, § 1322(b)(2) which applies solely to cases under chapter 13, should prevail over § 506(a), a section that applies generally to all creditors, whether they are in chapter 7, 11, 12 or 13. 128 B.R. at 665; *In re Etchin,* supra.

At the conclusion of the evidentiary hearing in the case at bar, the debtor introduced an additional argument—that Fidelity is *not* secured only by a security interest in real property that is the debtor's principal residence. The debtor asserted that the assignment of rents contained in the mortgage provides Fidelity with additional security so as to disqualify it from the protection of the exception in § 1322(b)(2). The claim is meritless. This language, which is generally found in mortgages, does not create additional collateral distinct from that normally considered incidental to ownership of realty. The assignment of rents is part of the security interest in the real property that is the debtor's principal residence. It does not pertain to other property within the contemplation of § 1322(b)(2). *In re Moreland,* 124 B.R. 921; (Bankr.D.Conn.1991); *In re Wright,* 128 B.R. 838, 843 (Bankr.N.D.Ga.1991); *In re Ross,* 107 B.R. 759, 762 (Bankr.W.D.Okl. 1989). Besides, as a practical matter, there is not, has not been and cannot be any rental income from the upper portion of the property, the part not occupied by the debtor.

The debtor may not modify the rights of Fidelity, the holder of a secured claim secured only by a security interest in the debtor's principal residence, by bifurcating its security interest into secured and unsecured portions as proposed in the debtor's plan.

This decision constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

### ORDER

Fidelity Financial Services, Inc. (Fidelity), the sole creditor in this chapter 13 case, has a claim in the amount of $33,400 that is secured only by the debtor's principal place of residence. The value of the property applicable to Fidelity's claim is $15,000, so that Fidelity's claim is secured to the extent of $15,000. The debtor's plan proposes that Fidelity be paid the sum of $15,000, together with interest, over a period of 42 months, and that Fidelity receive nothing on the balance of its claim. Fidelity has objected to this bifurcation and cramdown of its claim and to confirmation of the plan.

The court has this date filed its memorandum decision on the issue presented. For the reasons stated in that decision,

IT IS ORDERED that the objection of Fidelity to confirmation of the debtor's plan is sustained.

IT IS FURTHER ORDERED that this chapter 13 case is hereby dismissed.