**In re Joseph GLECKMAN, Debtor.**

**Bankruptcy No. 97–10832.**

United States Bankruptcy Court,
D. Rhode Island.

Aug. 27, 1997.

Carl P. DeLuca, DeLuca & DeLuca, Providence, RI, for Debtor.

John Boyajian, Boyajian, Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

Peter J. Brockman, Shechtman, Levy & Halperin, Providence, RI, for Household Finance Corporation II.

*DECISION AND ORDER*

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on July 10, 1997, on the objection of the second mortgagee, Household Finance Corporation (HFC) to confirmation of the Debtor's Chapter 13 plan which proposes to bifurcate HFC's secured claim. HFC argues that its only security is in the Debtor's prin-

cipal residence and therefore, pursuant to 11 U.S.C. § 1322(b)(2), its rights cannot be modified. Conversely, the Debtor argues that HFC's rights may be modified because of "additional security" taken by HFC in the form of an assignment of rents. For the reasons stated below, we find that HFC is secured only by a mortgage on the Debtor's principal residence, and that its rights as a secured creditor may not be modified.

## FACTS

The uncontested facts are as follows: Household Finance Corporation is the holder of a second mortgage on the Debtor's real property located at 821 Plainfield Pike, North Scituate, Rhode Island. The subject property is a single family residence occupied by the Debtor as his principal residence. As proposed, the plan would modify HFC's rights by bifurcating its claim into: (1) a secured claim equal to the fair market value of the property, less the balance of the first mortgage; and (2) an unsecured claim for the balance of HFC's claim.[1] The plan also proposes to pay unsecured creditors twelve percent of their claims over forty-eight months.

This dispute concerns the effect to be given to a non-uniform covenant contained in Paragraph nineteen of the mortgage, which provides: "as additional security hereunder, Borrower hereby assigns to Lender the rents of the property, provided that Borrower shall, prior to acceleration ... or abandonment of the Property, have the right to retain and collect such rents as they become due and payable." The property in question is not now and never has been rented by the Debtor.

## DISCUSSION

■ The issue presented is whether the anti-modification provision of 11 U.S.C. § 1322(b)(2)[2] is applicable to a residential mortgage on *non-rental* property wherein the lender received as "additional security" an assignment of rents. The answer to this question will depend upon what constitutes *additional security,* for purposes of the anti-modification provision of § 1322(b)(2).

■ This Court approves of the analysis as set forth in *In re French:*

In order to properly analyze the effect of "additional collateral" on the anti-modification provisions of 1322(b)(2), this Court believes that the test should be whether or not the "additional collateral" set forth in the subject mortgage is nothing more than an enhancement which is or can, by agreement of the parties, be made a component part of the real property or is of little or no independent value. The existence of collateral which is nothing more than such an enhancement should not result in a forfeiture by the lender of the anti-modification provisions of 1322(b)(2). This interpretation of 1322(b)(2) more closely coincides with Congress' intent to "encourage the flow of capital into the home lending market," *Nobelman [v. American Savings Bank],* 508 U.S. [324] at 332, 113 S.Ct. [2106] at 2112 [124 L.Ed.2d 228 (1993)], and to protect "rights" which are bargained for between the mortgagor and the mortgagee as "reflected in the relevant mortgage instruments which are enforceable under [state] law." *Id.* at 329, 113 S.Ct. at 2110.

174 B.R. 1, 7 (Bankr.D.Mass.1994).

Here, as in *French,* the non-uniform covenant, purporting to give additional security to HFC in the form of an assignment of rents, is additional security for purposes of § 1322(b)(2) if it assigns something of independent value, and more than a mere enhancement of the real property already serving as security for the obligation. Where an interest in "rents and profits" is taken in purely residential, *non-rental property,* courts have rejected the proposition that the interest constitutes additional security. *See, e.g., In re Lee,* 137 B.R. 285 (Bankr.E.D.Wis. 1991); *In re Wright,* 128 B.R. 838 (Bankr. N.D.Ga.1991); *In re Fountain,* 197 B.R. 748 (Bankr.D.N.H.1996) (finding a similar provision regarding rents to be boilerplate lan-

---

1. While these numbers are not readily apparent from the memoranda filed with the Court, it appears that there is no dispute as to the market value of the property or the balance due HFC.

2. Section 1322(b)(2) provides that a Chapter 13 plan may "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322(b)(2).

guage that added little or no independent value to the lender's security interest); *but see In re Jackson,* 136 B.R. 797 (Bankr. N.D.Ill.1992) (finding an interest in rents and profits to constitute *additional collateral* on a two unit residence, where the lender acknowledged that the property may be used for a commercial, income producing purpose).

Based on the rulings that we feel are better reasoned, we conclude that the language which purports to create an "additional" security interest in favor of HFC by granting an assignment of rents, adds no value to the security interest already held by the creditor, and that the provision does not result in a forfeiture of the anti-modification protection provided by Section 1322(b)(2). HFC's Objection is SUSTAINED, and confirmation of the plan is DENIED. Pursuant to R.I. Local Bankr.R. 9(c) the Debtor has eleven (11) days to file an amended plan.

Enter Judgment consistent with this opinion.