## In re BERTHOLET ENTERPRISES, INC., Debtor.

**Bankruptcy No. 86–282.**

United States Bankruptcy Court,
D.N.H.

Oct. 29, 1986.

Victor W. Dahar, Manchester, N.H., for debtor.

J. Christopher Marshall, Manchester, N.H., for ITT Commercial Finance.

Robert E. Jauron, Manchester, N.H., David Bradley, Stebbins, Bradley, Wood and Harvey, Hanover, N.H., Daniel Sklar, Manchester, N.H., Carl Anderson, Sulloway Hollis & Soden, Concord, N.H., Joseph

McDowell, Manchester, N.H., Stephen J. Laurent, Laconia, N.H., for creditors.

Janis Burns, Boston, Mass., U.S. Trustee.

## ORDER

JAMES E. YACOS, Bankruptcy Judge.

On October 27, 1986 a hearing was held relative to the Motion for Relief from the § 362 automatic stay by ITT Commercial Finance Corp. ("ITT") (CM# 86–149); and in conjunction with said matter, a hearing was also held relative to the Chapter 11 Debtor's Notice of Intent to Sell Property Pursuant to § 363(b) of the Bankruptcy Code, said notice having been filed with the Court on August 25, 1986. The Court never held any hearing on the proposed sale per the August 25th notice, in the absence of any objection by creditors, but is now being asked in effect to ratify the same. ITT objected to ratification of the sale on the grounds that an "all-asset sale", or a sale of substantially all assets, should not be permitted under § 363(b) in a Chapter 11 proceeding outside of a plan of reorganization—particularly where no actual hearing was held and no court order originally was obtained approving the sale procedure.

Considering the foregoing, and the showing made by the various parties at the October 27th hearing, it is accordingly,

ORDERED, ADJUDGED and DECREED as follows:

1. The Motion for Relief filed by ITT is hereby denied without prejudice.

2. The sale of the Debtor's assets as set forth in the notice filed on August 25, 1986 is approved in accordance with the terms of the Debtor's Notice under § 363(b) of Intent to Sell Property.

■ 3. The ratification of the sale of the debtor's assets granted by this order, notwithstanding the absence of any hearing on the original Notice to Sell or approval of the notice of same, is granted solely upon the strong showing made by the debtor at the October 27th hearing that the sale in question is clearly in the best interest of all parties involved in this proceeding; that the notice provided adequate information; and that the sale would free up secured claims from the remaining real property asset held by the debtor, thus raising the possibility of an ultimate distribution to general creditors from the liquidation of that asset.

■ 4. *Henceforth, however, attorneys practicing in this district should be aware that this court will not entertain requests for ratifying orders of sales of all assets, or substantially all assets, of a Chapter 11 estate where the "notice and hearing" procedure under § 102(1) is employed, and where no actual hearing is held before the court upon the proposed sale.* If a debtor believes that a § 363 all-asset sale is appropriate in a Chapter 11 proceeding, an application should be filed with this court setting forth the grounds justifying such sale, and providing a detailed form of notice to be approved by the court to go to creditors explaining the terms and conditions and justification for such sale outside of a plan of liquidation.