**In re Alberto and Erena CHAVEZ, Debtors.**

**Bankruptcy No. 90–10994–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Aug. 7, 1990.

See also, Bkrtcy., 117 B.R. 730.

ORDER DENYING DEBTORS' AMENDED MOTION TO VALUE REAL PROPERTY, TO DETERMINE SECURED STATUS AND TO AVOID LIEN AND DENYING DEBTORS' OBJECTION TO ALLOWANCE OF CLAIM

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the Court on July 5, 1990 upon the Debtors' Amended Motion To Value Real Property, To Determine Secured Status and To Avoid Lien and upon the Debtors' Objections to Allowance of Claim with respect to Crossland Mortgage Corporation, Westland Village Condominium Association, Inc. and Westland Village Condominium II Association, Inc. This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(D) and (K) and 28 U.S.C. § 1334.

### FACTS

On August 2, 1984, the Debtors executed a promissory note in the amount of $47,500.00 and a mortgage securing the note in favor of Unified Mortgage Company. This mortgage encumbered the Debtors' homestead property. Thereafter, Unified Mortgage Company assigned the note and mortgage to TransOhio Savings Bank ("TransOhio"). Crossland Mortgage Corporation ("Crossland") is the loan servicing agent for TransOhio.

The Debtors defaulted on the note and mortgage by failing to make the monthly payment due on June 1, 1989 as well as all subsequent payments due thereafter. On January 24, 1990, TransOhio filed a Complaint to foreclose the mortgage in the Circuit Court for Dade County, Florida. The foreclosure action, however, was stayed when the Debtors filed a Joint Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code on February 13, 1990.

Crossland appeared in this matter on behalf of TransOhio and filed a Motion for Relief From Stay Or For Adequate Protection on March 12, 1990. On March 27, 1990 this Court granted Crossland's Motion permitting it to obtain a judgment in the foreclosure action but precluding any sale thereof pending further order of the Court.

On April 10, 1990, the Debtors Chapter 13 Plan of Reorganization was confirmed over Crossland's objections. Shortly thereafter, the Debtors filed an Amended Motion to Value Real Property, to Determine Secured Status and to Avoid Lien seeking to value the Debtor's homestead property and to also determine the amount of Crossland's secured and unsecured claims on account of the mortgage. In doing so, the Debtors sought to bifurcate Crossland's claim and to avoid the mortgage lien to the extent that it does not secure an allowed claim pursuant to § 506(d) of the Bankruptcy Code. The Debtors further sought to avoid the junior liens of Westland Village Condominium Association, Inc. and Westland Village Condominium II Association, Inc. for maintenance fees.

Crossland objects to the avoidance of any portion of its lien under § 506(d) on the grounds that such avoidance would impermissibly modify its rights as a creditor secured only by an interest in the Debtors' principal residence in violation of 11 U.S.C. § 1322(b)(2). Crossland contends that it is entitled to a secured lien for the total balance owed under the note and mortgage regardless of the value of the collateral.

On July 3, 1990, the parties executed and filed a Stipulation agreeing that the fair market value of the subject real property encumbered by Crossland's mortgage is $51,000.

### ISSUE

The issue before the Court is one of statutory construction. Particularly, this Court must decide whether the specific statutory provisions enunciated in § 1322(b)(2) prevail and therefore should be applied to the facts of this case rather than the general statutory provisions of § 506(a) and (d). This Court accepts the tenet of statutory construction that, regardless of the inclusiveness of the general language of a statute, it does not apply or prevail over matters specifically dealt with in another part of the same enactment. There-

fore, the Debtor's Amended Motion and separate Objections are denied and Crossland is permitted to retain its secured lien for the entire balance of its claim regardless of the stipulated value of the subject property.

## DISCUSSION

In determining the meaning of any statute, the words of the statute are "the primary, and ordinarily the most reliable, source of interpreting" its meaning. *Watt v. Alaska,* 451 U.S. 259, 266 n. 9, 101 S.Ct. 1673, 1678, n. 9, 68 L.Ed.2d 80 (1981). Section 1322(b)(2) states in pertinent part as follows:

(b) Subject to subsections (a) and (c) of this section, the plan may ...

(2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence,* or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims ... (Emphasis added.)

In the instant case, it is undisputed that the mortgage held by Crossland, as the loan servicing agent for TransOhio, qualifies as a claim secured only by a security interest in the Debtors' principal place of residence.

Section 506(a) of the Bankruptcy Code, on the other hand, provides:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under § 553 of this title, is a secured claim to the extent of the value of such creditors interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditors interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition

or use or on a plan affecting such creditor's interest.

Subsection (d) of § 506 states:

To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

1. such claim was disallowed only under Section 502(b)(5) or 502(e) of this title; or

2. such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under Section 501 of this title.

In reconciling the foregoing statutory sections, it must be noted that § 506 is a provision of general applicability in cases under Chapter 7, 11, 12 and 13 of the Bankruptcy Code. 11 U.S.C. § 103(a). See also *In re Russell* 93 B.R. 703 (D.N.D. 1988); *In re Catlin,* 81 B.R. 522 (Bkcy.D. Minn.1987); *In re Hemsing,* 75 B.R. 689 (Bkcy.D.Mont.1987); *In re Hynson,* 66 B.R. 246 (Bkcy.D.N.J.1986); *In re Mahaner,* 34 B.R. 308 (Bkcy.W.D.N.Y.1983). Section 1322, on the contrary, applies only in cases under Chapter 13. 11 U.S.C. § 103(h).

█ As previously stated, a Chapter 13 plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtors principal place of residence. 11 U.S.C. § 1322(b)(2). In addition, the plan cannot provide for any less than maintenance of the regular payments. Accordingly, under the Bankruptcy Code, the plan can provide for curing defaults and maintaining regular payments without modifying the claimant's rights in violation of § 1322(b)(2). *In re Terry,* 780 F.2d 894 (11th Cir.1985); *In re Brown,* 91 B.R. 19 (Bkcy.Ed.Va.1988); *In re Simpkins,* 16 B.R. 956 (Bkcy.Ed.Tenn.1982). Indeed, the Circuit Court of Appeals in *Terry* concluded that the only permissible modification allowed under § 1322 was the curing of a default and the reinstatement of regular installment payments under § 1322(b)(5). *Terry,* 780 F.2d at 896. See also *In re Brown,* 91 B.R. at 21. The *Terry* court held that residential mortgages that would otherwise permit the lender to declare the

entire debt presently due may be modified by the Plan but only to cure the default and reinstate regular installment payments. Citing *In re Clark*, 738 F.2d 869, 872 (7th Cir.1984); *Grubbs v. Houston First American Savings Association*, 730 F.2d 236 (5th Cir.1984); *In re Taddeo*, 685 F.2d 24, 28 (2d Cir.1982).

The Bankruptcy Court in *In re Simpkins*, 16 B.R. 956, 964 (Bkcy.Ed.Tenn.1982) held that § 1322(b)(2) creates an exception to the rule promulgated by § 506 for a claim secured only by a security interest in the Debtor's principal residence. The *Simpkins* court further stated that the Plan cannot provide for any less than maintenance of the regular payments as worse treatment would "modify" the claimant's rights in violation of § 1322(b)(2). *Simpkins*, 16 B.R. at 964.

The holdings of the aforementioned cases are consistent with the legislative history of § 1322(b)(2). This specific provision of the Bankruptcy Code was designed to protect residential mortgagees in Chapter 13 cases by prohibiting any modification of the mortgagee's secured lien with the sole exception of curing a default and reinstating the regular installment payments both of which are specifically allowed under § 1322(b)(5).

The District Court in *In re Russell*, 93 B.R. 703, 705 (D.N.D.1988) precluded a debtor from bifurcating the first mortgage lien encumbering his principal place of residence into secured and unsecured claims basing its decision almost entirely on the case of *In re Hynson*, 66 B.R. 246 (Bkcy.D. N.J.1986). *Hynson* is frequently cited as the leading case on this issue. In *Hynson*, the debtor proposed a Chapter 13 plan which modified the rights of a creditor who held a secured claim in the form of a second mortgage on the debtor's principal residence. The creditor's claim exceeded the value of the collateral and the debtor's plan did not provide payment to the second mortgage creditor because the value of the house was less than the total of the two mortgages. Therefore, the debtor concluded that the second mortgage was unsecured and void under § 506(a) and (d).

In its analysis, the *Hynson* court held that § 1322(b)(2) prevailed over § 506 and therefore denied confirmation of the debtor's plan stating:

> "To apply the cram down provision of 11 U.S.C. § 506 to creditors whose claims are secured solely by the debtor's principal residence, would in large part vitiate the protections of 11 U.S.C. § 1322(b)(2). It would also be at odds with the clear intent of Congress to protect the lender's security when a lender is secured only by a security interest in a Chapter 13 debtor's home."

*Hynson*, supra at 252. The *Hynson* court further stated: "The concept that only a 'secured claim' and not an 'unsecured claim' is protected within the ambit of 11 U.S.C. § 1322(b)(2), carries the syntax of the Bankruptcy Code to an absurd conclusion which is at odds with the general principals of statutory construction and with the clear legislative intent of 11 U.S.C. § 1322(b)(2)." *See Russell*, supra, 93 B.R. at 706. Based on this reasoning, the court denied confirmation of the debtor's plan.

*In re Catlin*, 81 B.R. 522 (Bkcy.D.Minn. 1987) is a more recent case on point involving a first mortgage on the debtor's principal residence. The *Catlin* court, following the same line of reasoning, stated:

> To the extent § 1322(b)(2) and (5) are inconsistent with and contradictory to these Chapter 5 Statutes, the § 1322(b)(2) and (5) provisions supersede them. Accordingly, in a Chapter 13 case, the allowed amount of a claim secured only by a security interest in a principal residence of a debtor is, at filing, the balance owing on the debt without regard to the value of the collateral—§ 506(a) notwithstanding. Application of § 506(a), where the value of the collateral is less than the debt, would modify the rights of the holder of a claim secured only by a security interest in the principal residence of a Debtor beyond the permissible impairment provided in § 1322(b)(2) and (5).

*Catlin*, 81 B.R. at 524. Based upon these findings the court denied the debtor's plan. See also *In re Russell*, 93 B.R. at 706.

This Court believes that the cases following the reasoning and analysis of *Russell, Brown, Catlin, Hemsing* and *Hynson* is controlling in the instant case. The Court finds that these opinions are more in line with the clear meaning of the statute and intent of the legislature than those cited by Debtors' counsel.

In conclusion, this Court holds that bifurcation of Crossland's claim would result in the impermissible modification of Crossland's mortgage rights in violation of § 1322(b)(2) of the Bankruptcy Code. Accordingly, Crossland is entitled to a secured lien for the entire balance due and owing on the debt without regard to the value of the collateral.

DONE AND ORDERED.