**In the Matter of Michael DAVIDOFF and Shirley Davidoff, Debtors.**

**Bankruptcy No. 91–7938–8B3.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 12, 1992.

George Allen DuFour, Tampa, Fla., for debtors.

Chris C. Larimore, Bradenton, Fla., trustee.

Robert G. Cochran, Tampa, Fla., for First Florida Bank.

ORDER DENYING DEBTORS' SECOND AMENDED MOTION TO VALUE SECURITY

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for hearing upon Debtors' Second Amended Motion to Value Security of First Florida Bank (the Bank). Debtors wish to value their principal residence,[1] and consequently, their Motion involves the interplay between Section 506 and Section 1322(b) of the Bankruptcy Code (11 U.S.C.).

Section 506(a) provides that an allowed claim of a secured creditor is secured only to the extent of the value of the collateral, with any remaining amount of indebtedness owed on the property being an unsecured claim.[2] *See United States v. Ron*

---

1. At least two creditors, First Florida Bank and Commercial Credit Loans, Inc., are secured by duly-recorded mortgages on Debtors' principal residence.

2. Section 506 is applicable to Chapter 13 cases. 11 U.S.C. § 103(a). Only the extent of the applicability is at issue here. Pragmatically, not a day goes by that this Court is not requested to

*Pair Enterprises,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Through the Chapter 13 plan, a debtor may modify both the secured and the unsecured claims of a creditor. 11 U.S.C. § 1322(b)(2). A secured claim may be modified, for example, by making the payments periodic, by changing the time period over which payments are to be made, or by altering the interest rate specified in the original note.

This "cramdown" technique can be used by a debtor on real property with one major limitation. Section 1322(b)(2) of the Bankruptcy Code provides:

> (b) ... the plan may—
>
> (2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence* ... (emphasis added)

Thus, if a secured creditor has a lien on both a debtor's principal residence and other collateral, the secured creditor's claim can be modified under the plan. Otherwise, courts have traditionally held Section 1322(b)(2) precludes bifurcation of a secured creditor's claim based solely on a debtor's principal residence.[3] *See generally* Alexander L. Cataldo et al., *Residential Mortgage Bifurcation Under Chapter 13 of the Bankruptcy Code,* 96 Com.L.J. 225 (1991); Margaret Howard, *Stripping Down Liens: Section 506(d) and the Theory of Bankruptcy,* 65 Am.Bankr.L.J. 373 (1991).

Three United States Courts of Appeals have allowed the use of Section 506 to value and thus bifurcate the secured creditor's claim based solely on a debtor's residential property. *Eastland Mortgage Co. v. Hart (In re Hart),* 923 F.2d 1410 (10th Cir.1991); *Wilson v. Commonwealth Mortgage Corp.,* 895 F.2d 123 (3d Cir.1990); and

*Hougland v. Lomas & Nettleton Co. (In re Hougland),* 886 F.2d 1182 (9th Cir.1989). The Court of Appeals for the Ninth Circuit held the Section 1322(b)(2) limiting language only precluded modification of a creditor's post-bifurcation secured claim on the principal residence of a debtor. The Ninth Circuit held a Section 506 valuation of the principal residence is permissible and does not run afoul of Section 1322(b)(2) as long as the remaining secured claim *after valuation* is not modified by the plan. For example, if a debtor's principal residence has a $100,000 mortgage but is valued at $75,000, the plan cannot modify the $75,000 secured claim on the residence. "The truly secured portion of the residential real estate lender's claim does have special protection. Only the unsecured portion does not." *Hougland,* 886 F.2d at 1184. The Ninth Circuit does not reveal why, in the example above, the reduction of the mortgage amount from $100,000 to $75,000 would not be a modification of the rights of the holder of the secured claim.

The Court of Appeals for the Third Circuit was faced with a secured creditor that appeared to have a secured claim covering the debtor's principal residence and other "appliances, machinery, furniture and equipment." *Wilson,* 895 F.2d at 124. Nonetheless, the Third Circuit considered the limiting language of Section 1322(b)(2) as if the principal residence were the sole security of the claimant and adopted the Ninth Circuit's view. Further, the Court gave a broad interpretation as to what collateral was secured by the real estate mortgage lien. Such an interpretation, of course, attacks the Section 1322(b)(2) protection of residential mortgages from two sides: value and definition.

The Court of Appeals for the Tenth Circuit encountered similar facts in *Hart,* 923

---

value a secured creditor's interest in a Chapter 13 debtor's property.

**3.** Chapters 7, 11, and 12 contain no restrictions similar to that of Section 1322(b)(2) on the use of Section 506 to value secured claims, although the stripping of liens in Chapter 7 cases has recently been limited. *See Dewsnup v. Timm,* — U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903

(1992). *See also In re Windham,* 136 B.R. 878 (Bankr.M.D.Fla.1992) (order denying motion to determine secured status). Such valuation is called in the vernacular "lien stripping" or "cramdown." There are, however, other issues within those bankruptcy chapters which must be resolved in order to utilize lien stripping or cramdown in those chapters.

F.2d 1410. The mortgage language suggested its lien covered collateral in addition to the principal residence of the debtor. Nonetheless, the Tenth Circuit addressed the more restrictive issue of the application of Section 1322(b)(2) to a mortgage on the principal residence and adopted the Third and Ninth Circuits' positions. The Tenth Circuit did attempt, however, to reconcile the issue of the valuation as a possible modification of the secured claim.

> We join the Third and Ninth Circuits in holding that an undersecured mortgage is, for the purposes of the bankruptcy code, two *claims*, and only the secured *claim* is protected by section 1322(b)(2). More importantly, we recognize that while bifurcation, in the literal sense, may be a modification of the *mortgage* represented in the secured and unsecured claims, bifurcation is not, of itself, a "modification" of the secured claim made impermissible by section 1322(b)(2). Indeed, the act of bifurcation recognizes, but does not affect, the secured claim. (Footnote omitted.)

*Hart,* 923 F.2d at 1415.

This Court denies Debtors' Second Amended Motion to Value Security for the following reasons. This Court believes the operative language in Section 1322(b)(2) is "modify the rights of holders of secured claims." Valuing Debtors' principal residence pursuant to Section 506, bifurcating the Bank's claim into secured and unsecured claims, will not pay the Bank pursuant to its note and mortgage and thus is a modification prohibited under Section 1322(b)(2). This Court disagrees with the Third, Ninth, and Tenth Circuits that such valuation is not a modification. Assuming, *arguendo,* that such valuation is not a modification, this Court thinks it is completely impractical for such an "alteration" to be allowed since in the majority of cases such valuation may run afoul of Section 1322(b)(5), which requires a debtor to pay off secured claims within three to five

years of confirmation of the Chapter 13 plan. Clearly, such a frustrating conclusion to an allowed modification under the Third, Ninth, and Tenth Circuit Courts' concepts has not been envisioned.[4] *Compare In re Hayes,* 111 B.R. 924 (Bankr.D.Or. 1990), *with Foster Mortgage Corp. v. Terry (In re Terry),* 780 F.2d 894 (11th Cir. 1985), *and In re Chavez,* 117 B.R. 733 (Bankr.S.D.Fla.1990).

Moreover, this Court holds although Section 506 is applicable in Chapter 13 cases, it is limited by the specific language of Section 1322(b)(2). The rights of a holder of a secured claim in the principal residence of a debtor cannot be modified under Section 1322 notwithstanding the language of Section 506. This position is bolstered by the recent decision of the Supreme Court in *Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (U.S. Jan. 15, 1992). Although *Dewsnup* is a Chapter 7 case which was limited to its facts, the Supreme Court did determine that a lien could not be avoided under Section 506(d) through the valuation mechanism in Section 506(a) where such secured claim was allowed pursuant to Section 502. In this case, the Bank has an allowed secured claim and therefore the Bank's lien cannot be avoided under Section 506(d). This is consistent with Section 1322(b)(2) where rights of holders of a secured interest cannot be modified in the plan if those rights are related to the principal residence of the debtor.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Debtors' Second Amended Motion to Value Security of First Florida Bank is denied.

DONE AND ORDERED.

---

**4.** Such modifications take place in many Chapter 13 cases where the secured claim does not involve the principal residence of the debtor. The difficulty is that in situations where modification is not prohibited, one can change payment amount, interest rate and payment period. A court could never accomplish these modifications on the principal residence of a debtor even under the Circuit Court decisions.