In re Freddie DOSS, SSN 444–40–9772, Ola Marie Doss, SSN 431–92–8086, Debtors.

**Bankruptcy No. 92–70196.**

United States Bankruptcy Court, E.D. Oklahoma.

May 1, 1992.

---

**953**

Jimmy L. Veith, Ardmore, Okl., for debtors.

Denise Eggert, Oklahoma City, Okl., for Investors Residential Mortg. Corp.

William Mark Bonney, Muskogee, Okl., Chapter 13 Trustee.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On March 11, 1992, the Debtors' Chapter 13 Plan filed February 11, 1992 (Docket Entry No. 2) came before the Court for confirmation. Objections were filed to the Plan by the Oklahoma Tax Commission (Docket Entry No. 6), Internal Revenue Service (Docket Entry No. 8) and Investors Residential Mortgage Corporation ("Investors") (Docket Entry No. 9).

By Order entered March 19, 1992 from that hearing, the Debtors and Investors were ordered to file simultaneous Briefs on various legal issues. Said Briefs were timely filed and considered in the formulation of this Order.

After review of the Briefs, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

## STATEMENT OF ISSUES

The Briefs submitted by the parties raise the following issues:

(1) whether the Debtors may bifurcate the claim of Investors which is secured by the Debtors' principal residence; and

(2) whether the Debtors' Plan must provide for the curing of arrearages accrued pursuant to the mortgage between the Debtors and Investors.

## FINDINGS OF FACT

On February 11, 1992, the Debtors commenced this Chapter 13 case with the filing of a voluntary petition. Simultaneously, the Debtors filed their Chapter 13 Plan. This Plan recognizes Investors' claim of $46,924.70, secured by the Debtors' homestead, which is their principal residence. However, Debtors propose that the fair market value of their principal residence is $25,000.00 and therefore bifurcate the claim accordingly, treating this amount as secured to be paid along with other creditors over a period of sixty (60) months and the remainder of the claim is relegated to an unsecured status.

## CONCLUSIONS OF LAW

A. This Court has previously recognized the considerable dispute on the use of 11 U.S.C. § 506 in a Chapter 13 case upon a claim secured solely by a mortgage upon the Debtors' principal residence. See *In re Moran*, 121 B.R. 879 (Bankr. E.D.Okla.1990). Furthermore, the parties and this Court are cognizant of the recent ruling by the United States Court of Appeals for the Tenth Circuit found in *In re Hart*, 923 F.2d 1410 (10th Cir.1991), which permits bifurcation of such a claim, or the use of § 506(a), in a Chapter 13 proceeding despite the restrictions found at 11 U.S.C. § 1322(b)(2). We respectfully but strongly disagree with the Tenth Circuit's ruling as being in direct contravention to the express provisions of the United States Bankruptcy Code under § 1322(b)(2). In so doing, we reiterate our arguments set forth in the *Moran* decision and incorporate by reference the Conclusions of Law set forth

therein which justify the Debtors' inability to utilize § 506 to bifurcate a claim secured only the Debtors' principal residence.

Considering recent rulings in this area, we find that supplementing our reasoning set forth in the *Moran* case is appropriate. The decision in the *Hart* case rests, to a large degree, upon the interpretation of statutory language. Namely, 11 U.S.C. § 506(a) provides that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim.

Meanwhile, the more specific language of 11 U.S.C. § 1322 governing the content of a Chapter 13 Plan provides at subsection (b)(2) that:

> Subject to sections (a) and (c) of this section, the plan may—
>
> (2) modify the rights of holders of secured claims, *other than a claim secured* only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

■ Given the United States Supreme Court's proclivity to give a different meaning to the term "secured claim" in the various provisions of the Bankruptcy Code as set forth in the case of *Dewsnup v. Timm, et al.,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), we are of the opinion that authority now exists to find that the term "claim" as used under § 1322(b)(2) should be afforded the definition provided at 11 U.S.C. § 101(4), which includes both secured and unsecured portions of a claim and not necessarily as contemplated under § 506. Therefore, bifurcation for the use of 11 U.S.C. § 506(a) is specifically limited by the restrictive language of 11 U.S.C. § 1322(b)(2). As previously stated in our *Moran* decision, § 1322(b)(2) "was designed to protect residential mortgagees in Chapter 13 cases by

prohibiting any modification of the mortgagee's secured lien with the sole exception of curing a default and reinstating the regular installment payments both of which are specifically allowed under § 1322(b)(5)." *In re Moran*, supra, at p. 882–3, citing *In re Chavez*, 117 B.R. 733, 736 (Bankr.S.D.Fla.1990).

■ B. Although we are adamant in our reasoning set forth herein and in the *Moran* case in not allowing bifurcation in this instance, we are cognizant that the Tenth Circuit Court of Appeals is the controlling Circuit for this District. Therefore, we alternatively state that bifurcation is not permitted in the instant case in any event. As previously set forth herein, 11 U.S.C. § 506(a) may be utilized to determine the amount of a secured claim by valuing "property in which the estate has an interest ..." In this case, the Debtors expressly claimed a homestead exemption under Oklahoma state law with regard to the property securing the claim of Investors. See Schedule C "Property Claimed as Exempt" filed February 11, 1992. This property came into the estate with the filing of the petition, but then after the expiration of the time for objections to be filed to any claimed exemptions, being thirty (30) days after the conclusion of the Meeting of Creditors, the property passed out of the estate and is vested solely in the Debtors. See Rule 4003(b), Fed.R.Bankr.P.; 11 U.S.C. § 522(1). In this case, the Meeting of Creditors was conducted on March 11, 1992 and no objection to the Debtors' claimed exemption of their principal residence was filed within thirty (30) days or by April 13, 1992. Thus, the Debtors' homestead or principal residence is no longer property of this bankruptcy estate and therefore, this estate no longer possesses an interest in said property. As a result, the valuation of the property provided by 11 U.S.C. § 506(a) is no longer available to the Debtors.

■ A proper request for valuation of property must be done by Motion and cannot simply be requested in a Chapter 13 Plan. Rule 3012, Fed.R.Bankr.P. The Debtors made no such request while the

property remained in this estate. Therefore, even assuming that the *Hart* decision is a correct reflection of the state of the law, the Debtors still may not bifurcate the claim of Investors.

 C. The second issue presented by the Briefs involves whether the Debtors' Chapter 13 Plan is confirmable considering that it does not treat the arrearages owed by the Debtors to Investors on its prepetition claim. Since modification of Investors' claim is not permissible as reflected by this Court's ruling herein, the sole avenue for treatment of Investors' claim by the Debtors is found at 11 U.S.C. § 1322(b)(5) which provides that:

Subject to sections (a) and (c) of this section, the plan may—

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

The Debtors must maintain their payments as provided in the original mortgage and cure any arrearages during the term of their Chapter 13 Plan. As a result, the authority cited by the Debtors in the cases of *In re Hill*, 96 B.R. 809 (Bankr.S.D.Ohio 1989) and *In re Ward*, 129 B.R. 664 (Bankr. W.D.Okla.1991) is inapplicable in this case.

IT IS THEREFORE ORDERED that the confirmation of the Debtors' Chapter 13 Plan is hereby denied since the Debtors may not modify the claim of Investors in contravention to 11 U.S.C. § 1322(b)(2) as set forth herein.

IT IS FURTHER ORDERED that the Debtors file an Amended Chapter 13 Plan in accordance with this Order no later than May 13, 1992 or appear and show cause at 1:30 p.m. on that date as to why this case should not be dismissed.