**In re Debra Ann FIORILLI [fna Debra Ann Larlham], Debtor.**

**Bankruptcy No. 95–51394.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 28, 1996.

---

Morris Laatsch, Akron, OH, for Debtor.

Robert Lurie, Warrensville, OH, for holder of secured claim.

### ORDER ALLOWING CREDITOR TO ADVANCE OBJECTION TO CONFIRMATION

MARILYN SHEA–STONUM, Bankruptcy Judge.

On August 8, 1995, Debtor deconsolidated her portion of a chapter 7 case that was jointly filed with her husband and converted the deconsolidated portion to a chapter 13. Debtor's chapter 13 plan was filed on October 31, 1995, and after several necessary adjournments, the confirmation hearing on the plan was set for February 15, 1996. On February 6, 1996, Retail Creditor Corp. ("RCC"), holder of a secured claim, filed an objection to the confirmation of Debtor's plan alleging that it failed to provide for full payment of RCC's secured claim as required by 11 U.S.C. §§ 1324 and 1325(a)(5)(B)(ii).

Appearing at the February 15, 1996 hearing were Morris Laatsch, counsel for Debtor; Robert Lurie, counsel for RCC; and Jerome Holub, chapter 13 trustee. At the hearing Debtor claimed that RCC was precluded from advancing its objection to confirmation of the plan because that objection was based upon valuation of its claim. Debtor contended that RCC's claim had already been valued through a specific provision of the plan to which RCC had not timely objected. The issue of whether RCC could advance its objection to confirmation of the plan was then taken under advisement, and the confirmation hearing was adjourned. Based upon a review of the file, the February 15, 1996 hearing, and the briefs submitted by counsel, the Court makes the following findings of fact and conclusions of law.

### I. FINDINGS OF FACT

The following facts are undisputed:

1. That on August 8, 1995, Debtor's chapter 7 case was converted to chapter 13.

2. That the scheduling document sent to all parties in interest from the Bankruptcy Clerk indicated that the deadline to file a proof of claim was December 21, 1995, and that objections to the confirmation of the plan would be waived if not filed at least five (5) days prior to the confirmation hearing.

3. That the foregoing deadlines were set in accordance with consistent practice in this district.

4. That on August 25, 1995, RCC filed a proof of claim asserting that it held a $2,092.04 claim that was fully secured by a purchase money security interest in household furniture.

5. That to date, no objection to RCC's proof of claim has been filed by Debtor.

6. That on October 31, 1995, Debtor filed her chapter 13 plan.

7. That Clause 4 of the proposed plan stated that:

Allowed secured claims shall be paid in full inside the plan ... [and] [t]he unsecured element of any claim shall be paid as an unsecured creditor [sic] per the provisions of Clause 7 of the plan. The filing of this plan shall constitute the filing of a Motion to Determine the secured Status of each creditor set forth so as to value the collateral in which each respective secured

creditor holds a security interest, pursuant to provision 11 U.S.C. § 506 to be secured in the amount set forth in the secured column, and unsecured for the balance of the claim.... Each creditor shall have twenty-five (25) days from the date of service of the plan within which to file and objection to the valuation of their collateral as set forth above or to request a hearing thereon.... In the event that the creditor fails to file an objection to the valuation of collateral or request a hearing thereon within 25 days of service thereof, said valuation shall [sic] be approved per the provision [sic] 11 U.S.C. § 102.

8. That no separate motion regarding valuation of the claim or notice of the purported 11 U.S.C. § 102 notice was given to RCC or any other party to be affected by the terms of Clause 4.

9. That Clause 4 included a chart which listed the secured value of RCC's claim as $300 and the unsecured value of RCC's claim as $1,300.

10. That RCC did not object to Clause 4 of the plan within the 25 days mentioned in that clause.

11. That RCC filed its objection to the confirmation of Debtor's plan on February 6, 1996, more than five days prior to the scheduled adjourned confirmation hearing.

## II. DISCUSSION

▉ As authority for her position that RCC is precluded from objecting to the plan on the basis of valuation of its claim, Debtor relies upon *In re Calvert,* 907 F.2d 1069 (11th Cir.1990); *In re Fox,* 142 B.R. 206 (Bankr. S.D.Ohio 1992); and *In re Linkous,* 141 B.R. 890 (W.D.Va.1992). Those cases are distinguishable from the case at bar, however, as they dealt with situations where creditors were collaterally attacking the valuation of their claims after the chapter 13 plan had already been confirmed. Those courts were presented with the issue of whether the due process rights of the creditors were violated when a motion to value collateral was not separately filed but merely included in the text of the chapter 13 plan and then given effect by the confirmation of that plan.[1] The distinguishing fact in this case is that the chapter 13 plan has not yet been confirmed.

Prior to confirmation of a chapter 13 plan, the Bankruptcy Code establishes various procedures to allow parties to determine which of their rights will be addressed within the plan. For example, 11 U.S.C. § 506 addresses the determination of whether and to what extent a claim is secured, and FED. R.BANKR.P. 3012 allows a party to file a motion requesting that the court make such determination. Further, 11 U.S.C. § 501 and FED.R.BANKR.P. 3002 address the filing of proofs of claim, and § 502(a) provides that a properly filed proof of claim is allowed unless a party in interest timely objects. *See also* 11 U.S.C. § 1323(a) (providing that the debtor may freely modify the plan at any time prior to confirmation). Once a plan is confirmed, however, the parties' rights generally become fixed by the terms of the plan as finally confirmed. *See* 11 U.S.C. §§ 1323(b), 1327(a). Therefore, during the pre-confirmation period the parties should be given every allowable opportunity under the Code to determine their rights.

In this case, Debtor contends that pursuant to FED.R.BANKR.P. 3012 and 11 U.S.C. § 102, Clause 4 of the proposed plan acted as a motion to value collateral and that the 25 day notice provision directing parties to file an objection acted to terminate all of RCC's rights regarding the valuation of its claim

---

1. Courts that have had to decide the issue of whether the chapter 13 plan itself can serve as a motion to value collateral pursuant to FED. R.BANKR.P. 3012 or whether a separate motion must be filed have come to differing conclusions. *Compare In re Calvert,* 907 F.2d 1069, 1072 (11th Cir.1990) (which held that a separate motion to value collateral is not required but noted that notice of the confirmation hearing must include specific notice that the court, at the confirmation hearing, will determine such value) *with In re*

*Doss,* 143 B.R. 952, 954 (Bankr.E.D.Okl.1992) (which held that a proper request for valuation of property must be done by motion and cannot simply be included in the text of the chapter 13 plan). The case at bar does not deal with the effect of confirmation on a motion to value collateral that is included in the text of the chapter 13 plan, and, thus, the due process questions imbedded in that issue are not appropriately addressed here.

once the 25 days had passed. This argument is, however, faulty in at least three respects.

■ First, it attempts to give effect to only one of the available procedures for determining parties' rights and ignores the other methods of rights determination provided for in the Bankruptcy Code. A fundamental rule of statutory construction requires a court to read together and give effect to all the provisions of the Bankruptcy Code, as was intended by Congress. *See In re Fryer,* 172 B.R. 1020, 1025 (Bankr.S.D.Ga.1994) (*citing Reiter v. Sonotone Corp.,* 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979)). If RCC's failure to object to Clause 4 of the plan is allowed to determine the value of RCC's claim prior to confirmation, then this Court would be ignoring the specific provision of the Bankruptcy Code that deems RCC's August 25, 1995 proof of claim as allowed unless or until the Debtor or the trustee objects. *See* 11 U.S.C. § 502(a). *Cf. In re Linkous,* 141 B.R. 890, 898 (W.D.Va. 1992) (stating that the value stated in a debtor's chapter 13 plan becomes irrelevant once a proof of claim is filed).

■ Debtors argument is also faulty in that it presumes that the mere filing of a chapter 13 plan binds the parties. Debtor argues that under the provisions of Clause 4 of the plan, "the value, as of the effective date of the plan, of property to be distributed to Retail Credit Corporation pursuant to the terms of the plan is in fact, the exact amount of the allowed secured claim [provided by the plan]." *See* Debtor's Resp. to Obj. at unnumbered page 3–4 (docket # 348). Had Debtor's plan been confirmed this statement may have been true because the plan would have had an "effective date." *See* 11 U.S.C. § 1327—Effect of Confirmation. However, at the time that RCC entered its objection to confirmation the plan was not yet confirmed, was not yet "effective," and thus did not yet bind the parties by its terms. Further, while Debtor attempts to rely upon Clause 4 as a motion to value collateral that was not timely opposed by RCC, that procedure does not have any binding effect because no separate order granting the purported motion was ever entered by the Court. The portion of Clause 4 which states that "[if] the creditor fails to file an objection to the valuation of collateral or request a hearing thereon within 25 days of service . . ., said valuation *shall* be approved per the provision of 11 U.S.C. § 102," is simply not correct. (Emphasis added). *See* 124 Cong.Rec. H–11090 (daily ed. September 28, 1978) (emphasis added) indicating that § 102(1) was added to the Bankruptcy Code so that "if appropriate notice is given and no party to whom such notice is sent timely requests a hearing, then the act sought to be taken *may be taken* without an actual hearing." *See also In re VIII South Mich. Assoc.,* 167 B.R. 877, 879 (N.D.Ill.1994); *In re Bertholet Enter., Inc.,* 66 B.R. 566, 567 (Bankr.D.N.H.1986).

■ Finally, Clause 4, as written when originally filed, would have operated to preempt a creditor's right to file a proof of claim through December 21, 1995. This Court does not intend to exercise its permissive powers under 11 U.S.C. § 102(1) to contravene specifically announced rights of parties to a pending case unless the party who attempts to evoke the Court's § 102 powers can demonstrate a need for such contravention and also ensure that the fullest measure of due process has been afforded to any affected party.

### III. CONCLUSIONS OF LAW

Based upon the foregoing, the Court determines that the provisions of Clause 4 of Debtor's proposed plan did not preclude RCC from timely objecting to the confirmation of Debtor's plan. The Debtor's motion to value RCC's collateral and RCC's objection to the confirmation of Debtor's plan shall be set for determination at an evidentiary hearing on *June 13, 1996,* at *3:00 p.m.,* in Room 250, U.S. Courthouse, Federal Building, Akron, Ohio.

**IT IS SO ORDERED.**